Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Peticionario<br><br>v.<br><br>MICHAEL A. GARCÍA FERNÁNDEZ<br>Recurrido | KLCE202400083 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.<br>E VI2022G0053 al E VI2022G0055,<br>E OP2022G0031,<br>E LA2022G0189 al E LA2022G0192<br><br>Sobre:<br>Artículo 93 CP grave (2012)<br>Tentativa Artículo 93 CP grave (2 Casos),<br>Artículo 249 CP grave (2012)<br>Ley 168 Artículo 6.05 grave (2019)<br>Ley 168 Artículo 6.09 grave (2019)<br>Ley 168 Artículo 6.14 grave (2019) (2 Casos) |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

**<u>RESOLUCIÓN</u>**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

a.

El Pueblo de Puerto Rico, representado por la Oficina del Procurador General, (el Procurador), acude ante nosotros mediante recurso de *certiorari*, procurando la revocación un dictamen interlocutorio proveniente del Tribunal de Primera Instancia, Sala Superior de Caguas, (TPI), mediante el cual dicho foro denegó la solicitud del primero para que ordenara la consolidación del juicio a ser celebrado contra el señor Michael A. García Fernández, (aquí recurrido), y el señor Joseph García Fernández. Fundamentó tal denegatoria el foro primario en su

Número Identificador

RES2024_____

apreciación de que la petición de consolidación fue tardía, provocaría dilación de los procesos y podría afectar derechos sustanciales de los acusados por la posibilidad de que surjan defensas encontradas.

A lo anterior el Procurador opone que: visto que las acusaciones del recurrido y el señor García Fernández son por actos cometidos *en concierto y común acuerdo*; existiendo un innegable interés social en la acumulación de causas y la celebración de un solo juicio y; en ausencia de las justificaciones reglamentarias que justifiquen la separación de juicios, abusó de su discreción el foro recurrido al no ordenar la consolidación del juicio solicitada.

Sin embargo, examinado el asunto ante nuestra consideración bajo los criterios que dirigen nuestra facultad discrecional ante un recurso de *certiorari,* según estos son descritos en la Regla 40 de nuestro Reglamento[1], 4 LPRA Ap. XXII-B, no hemos resultados persuadidos de que tengamos que intervenir en el curso decisorio del foro recurrido. En este sentido, los argumentos alzados por el Procurador nos resultan insuficientes para intervenir con la determinación del TPI al denegar la solicitud de consolidación presentada, fallando en colocarnos en posición de hacer una determinación sobre abuso de discreción.

---

[1] El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 L.P.R.A. Ap. XXII-B, R. 40.

Sépase que la amplitud del recurso moderno de *certiorari* no significa que sea equivalente a una apelación, pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz De León*, 176 DPR 913,918 (2009).

b.

Examinado el recurso de *certiorari* presentado, decidimos denegar su expedición.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones